**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 07-20076-16

MARLIN MORTON,

    Defendant.
                                                        /

**OPINION AND ORDER NOTIFYING DEFENDANT OF INTENT TO CONSTRUE
"MOTION UNDER THE ALL WRITS ACT" AS A MOTION UNDER 28 U.S.C. § 2255**

On August 26, 2014, Defendant Marlin Morton, *pro se*, filed a motion seeking relief under the All Writs Act, 28 U.S.C. § 1651, for ineffective assistance of his trial counsel during two criminal proceedings. For the reasons stated below, the court intends to construe Defendant's motion as one for relief from judgment under 28 U.S.C. § 2255.

As a threshold matter, the court notes that Defendant appears to raise two sets of ineffective assistance of counsel claims—the first challenges his counsel's assistance in *United States v. Morton*, No. 07-20069, in which Defendant pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), before the Honorable Gerald Rosen (hereinafter, "the related case"). The second set of ineffective assistance of counsel challenges concerns his guilty plea to conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. §§ 841(a)(1); 846, in which this court sentenced him to 37 months' imprisonment, to be served consecutively to the sentence imposed in the above-mentioned case. To the extent Defendant attempts to raise before this court

issues concerning the related criminal case, nothing in this opinion (or any other order by the court) will be construed as commenting on the merits of Defendant's related criminal case.  Morever, Defendant should be aware that this court will only review challenges as to case number 07-20076.  This court knows of no jurisdiction or ability to review the sentence imposed in the related criminal case.

## I.  BACKGROUND

On November 7, 2007, the court accepted Defendant's guilty.  On March 13, 2008, the court sentenced Defendant to 37 months' imprisonment, to be served consecutively to the sentence imposed in *United States v. Morton*, No. 07-20069.  He did not appeal.  Approximately six years later, he filed the instant motion asking that his conviction and sentence be vacated for ineffective assistance of counsel.  Specifically, Defendant argues that his trial counsel was ineffective for not objecting to "the scale of crack cocaine for the marijuana he was arrested and plead guilty to."  Defendant also claims that he was entitled to a two-point sentencing reduction under 18 U.S.C. § 3582, and that counsel was ineffective for not investigating whether he was read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and for not investigating whether he was properly indicted before a grand jury.

## II.  DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or . . .  the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise

2

subject to collateral attack." 28 U.S.C. § 2255.  Such motion, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Although Defendant does not specifically refer to § 2255 in his motion, the relief requested is consistent with a motion to vacate sentence under § 2255.  Before characterizing Defendant's filing as a § 2255 motion, however, Defendant must be given the opportunity to withdraw his motion.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  This is typically because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621.  After Defendant files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents him from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable."  28 U.S.C. § 2255(h).  Thus, Defendant must be aware that the court's construction of his motion may limit his ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

### III.  CONCLUSION

IT IS ORDERED that Defendant is hereby NOTIFIED that the court intends to construe his "Motion Under the All Writs Act" (Dkt. # 378) as a motion for relief under 28

3

U.S.C. § 2255.  By **September 26, 2014**, Defendant may either withdraw the motion, file an amended motion under § 2255, or file a "Notice of Agreement" with the court's characterization.

Unless Defendant withdraws the motion IT IS ORDERED that the government shall respond to the motion or amended motion by **October 10, 2014.**  Any optional reply shall be due by **October 24, 2014.**

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522